IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS L. MOLINA VEGA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1133 |
| | : | |
| MS. SHONEBERGER, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

Plaintiff Carlos L. Molina Vega is a prisoner at State Correction Institution ("SCI") Phoenix. He filed this civil rights action pursuant to 42 U.S.C. § 1983 against numerous Defendants, alleging that they interfered with his ability to be released on parole. For the following reasons, Molina Vega's Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. His motion for leave to proceed *in forma pauperis* will be granted, and he will be permitted to file an amended complaint.

**I.      FACTUAL ALLEGATIONS**

Molina Vega raises claims under Section 1983 based on Defendants' alleged failure to secure a copy of his birth certificate, which he states he is required to obtain prior to being released on parole in accordance with SCI Phoenix policy.[1] Molina Vega alleges that on September 10, 2021, he submitted a cash slip requesting that $25.00 be deducted from his inmate account and forwarded to the New Jersey Department of Health, Office of Vital Statistics and Registry ("OVSR"). The purpose of the $25 payment was to obtain a copy of his birth certificate

---

[1] Molina Vega's Complaint names the following Defendants: (1) Ms. Shoneberger, a Unit Manager; (2) Ms. Sullivan, the "S-Block Counselor"; (3) Mr. Orlando, the Facility Grievance Coordinator; (4) Major Clark, the Unit Manager Supervisor; and (5) Mr. Grenevich, a Unit Manager.

in anticipation of his release, which he alleges "is nearby." The money was deducted from Molina Vega's prison account, but Molina Vega never received a copy of his birth certificate. Molina Vega alleges that Defendants failed to send OVSR the proper paperwork accompanying the $25. In an undated Vital Record Request Deficiency Letter Molina Vega received from OVSR, the following deficiency was noted: "Imprisoned individuals can request [a vital record] through a social worker or prison official by submitting a signed letter on agency letterhead with the requested information, inmate face sheet, and a copy of the social worker's photo work ID."

Molina Vega submitted numerous prison grievances requesting that Defendants complete the necessary paperwork for obtaining a copy of his birth certificate. Despite his requests for assistance, Defendants failed to provide the OVSR with the necessary information to complete the application process. Molina Vega alleges that Defendants "failed to find the solution" to his inability to obtain a copy of his birth certificate, "failed to do their job according to SCI-Phoenix policy, in violation of [his] rights," and failed to return his $25. Molina Vega further alleges that Defendants' actions interfered with his ability to be released on parole and caused him to suffer stress, pain, and suffering. Based on these allegations, Molina Vega asserts Section 1983 claims and seeks money damages.

## II.     STANDARD OF REVIEW

Molina Vega's motion for leave to proceed *in forma pauperis* will be granted because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires dismissal of a complaint if it fails to state a claim. Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Thus, to survive

dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotations omitted).  Legal conclusions are disregarded, well-pleaded facts are taken as true, and it is determined whether those facts state a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). As Molina Vega is proceeding *pro se*, his Complaint is construed liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  This means that "the relevant legal principle" is analyzed "even when the complaint has failed to name it." *Vogt*, 8 F.4th at 185 (citing *Mala*, 704 F.3d at 244-45).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F.4th at 185 (citing *Mala*, 704 F.3d at 245).

## III. DISCUSSION

Molina Vega asserts Section 1983 claims based on Defendants' alleged failure to properly complete the OVSR paperwork required to secure a copy of his birth certificate.  "To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Complaint fails to state a claim.

The crux of Molina Vega's alleged constitutional harm is that Defendants' actions or inactions interfered with his ability to be released on parole.  However, the Constitution—and in particular, the Due Process Clause of the Fourteenth Amendment—provides no liberty interest in parole or parole procedures.  *See Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("There is *no constitutional or inherent right* of a convicted person to be conditionally

released before the expiration of a valid sentence.") (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)) (emphasis in original).  Although a State "may under certain circumstances create liberty interests which are protected by the Due Process Clause," *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995), the statutes governing Pennsylvania's Board of Probation and Parole do not grant state prisoners any constitutionally protected liberty interest in being released on parole prior to the expiration of their controlling maximum sentences.  *See Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").  However, arbitrary application of parole procedures could, in some circumstances, rise to the level of a substantive due process violation.  *See Jubilee v. Horn*, 959 F. Supp. 276, 280 (E.D. Pa. 1997) (concluding that plaintiff stated a substantive due process claim by alleging that "Defendants have intentionally delayed completing the paperwork and other procedures necessary for Plaintiff's parole consideration; deliberately used erroneous and incorrect information in reviewing his parole status; and maliciously used their procedures to prevent him from being considered for parole 'in a timely fashion.'")

Furthermore, "[a]n inmate's detention after his term of imprisonment can, under certain circumstances, constitute cruel and unusual punishment, in violation of the Eighth Amendment." *Wharton v. Danberg*, 854 F.3d 234, 241 (3d Cir. 2017); *see also Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993) ("Subjecting a prisoner to detention beyond the termination of his sentence has been held to violate the eighth amendment's proscription against cruel and usual

punishment."). To state a claim for over-incarceration or incarceration without penological justification, a prisoner must establish that:

> (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention.

*Montanez v. Thompson*, 603 F.3d 243, 252 (3d Cir. 2010). "Among the circumstances relevant to a determination of whether the requisite attitude was present are the scope of the official's duties and the role he or she has played in the everyday life of the prison." *Wharton*, 854 F.3d at 242. An official is less likely to display deliberate indifference if "there are procedures in place calling for others to pursue the matter" and more likely to be deliberately indifferent if given his or her role, a problem "will not likely be resolved unless he or she addresses it or refers it to others[.]" *Wharton*, 854 F.3d at 242 (quoting *Sample*, 885 F.2d at 1110). However, the Eighth Amendment does not require the elimination of all risk of error in this context. *Wharton*, 854 F.3d at 241.

Here, it is unclear whether and when Molina Vega was entitled to release—because he had served his sentence, been granted parole, or otherwise—and if he was, whether he was nevertheless held beyond his release date due to his inability to obtain his birth certificate. Nor does the Complaint allege that Molina Vega was unable to obtain parole due to the inability to obtain his birth certificate. In other words, it is unclear from the Complaint whether Molina Vega has been imprisoned without penological justification or, rather, whether he is still justifiably imprisoned in accordance with the terms of his sentence and is simply anticipating a

future release on parole.[2]  Accordingly, the Complaint does not state a constitutional claim for interference with Molina Vega's release as pled.  *See generally Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

       To the extent Molina Vega attempts to assert other claims, it is difficult to discern a constitutional basis for those claims.  Arguably, the Complaint states a due process violation based on Defendants' refusal to return Molina Vega's $25 after he never received a copy of his birth certificate.  However, any due process claim based on the alleged deprivation of his $25 must fail because Molina Vega was provided and "took advantage of an adequate post-deprivation remedy—the grievance process."  *Dockery v. Beard*, 509 F. App'x 107, 114 (3d Cir. 2013) (*per curiam*) (quoting *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997) (concluding on summary judgment that "[i]nmates have a property interest in funds held in prison accounts" but that using prison grievance process to challenge assessment of account provided adequate post-deprivation remedy to foreclose a due process claim); *see also Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (*per curiam*) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.'"); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance

---

[2] This does not condone the failure of prison officials to complete basic paperwork to assist Molina Vega in obtaining documents he will need in the future.  Indeed, it is unclear from the Complaint why prison officials have not been able to complete the paperwork required by OVSR so that Molina Vega can obtain a copy of his birth certificate, especially if his release date is, in fact, upcoming.  However, it is simply unclear from the Complaint at this point that any failures here led to a constitutional violation.

system provides adequate post-deprivation remedy to satisfy due process).  Molina Vega filed numerous grievances about his inability to obtain his birth certificate despite authorizing the $25 payment to OVSR.  He thus had an adequate post-deprivation remedy.

Molina Vega also appears to raise an equal protection claim.  To state an equal protection violation, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class."  *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)).  Alternatively, a prisoner can assert an equal protection claim based on a "class of one" theory by alleging that he was intentionally treated differently from other similarly situated inmates and that there was no rational basis for the treatment.  *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).  "Persons are similarly situated for purposes of an equal protection claim when 'they are alike in all relevant aspects.'"  *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (citation omitted).  Because Molina Vega has not alleged that he was treated differently than other similarly situated inmates or that he was in any way discriminated against based on his membership in a protected class, he has not stated a plausible equal protection claim.  *See, e.g., Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (rejecting equal protection claim when inmate did "not allege facts showing that he was similarly situated to the inmates who received wheelchair footrests, crutches and canes, or that there was no rational basis for his different treatment"); *Perano v. Twp. Of Tilden,* 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, [a plaintiff] must allege facts sufficient to make plausible the existence of such similarly situated parties.").

## IV.     CONCLUSION

For the foregoing reasons, Molina Vega's Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]  Molina Vega will be given the option of filing an amended complaint in the event he can plead additional facts to state a basis for a plausible claim.

An appropriate order follows.

                                                   BY THE COURT:

                                                   /s/Wendy Beetlestone, J.

                                                 **WENDY BEETLESTONE, J.**

---

[3] Molina Vega also filed a "Request for Summons" (ECF No. 9), which will be denied as premature.  Summonses will be issued only in the event any claims pass statutory screening.